Eric Waeckerlin, D.C. Bar No. 977228
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Fax: 303.223.1111
Email: ewaeckerlin@bhfs.com

Affie Ellis, *pro hac vice*
BROWNSTEIN HYATT FARBER SCHRECK, LLP
1807 Capitol Avenue, Suite 203
Cheyenne, WY 82001
Telephone: 307.263.1327
Email: aellis@bhfs.com

Attorneys for Proposed Intervenor-Defendant
Petroleum Association of Wyoming

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Center for Biological Diversity, et al.,

          Plaintiffs,

    v.

U.S. Department of the Interior, et al.,

          Defendants.

Civil Action No. 1:22-cv-1716 (TSC)

## [PROPOSED] ANSWER OF DEFENDANT-INTERVENOR
## PETROLEUM ASSOCIATION OF WYOMING

Intervenor-Defendant Petroleum Association of Wyoming (hereinafter, "PAW" or "Intervenor-Defendant"), hereby answers and asserts its defenses to Plaintiffs Center for Biological Diversity and WildEarth Guardians' (together, "Plaintiffs") Complaint as follows:

### INTRODUCTION:

1.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW

denies the allegations and denies that plaintiffs are entitled to any relief. The last sentence of this paragraph purports to characterize Appendix A and Appendix B attached to Plaintiffs' Complaint.

2.      PAW admits that the production and combustion of fossil fuels for energy and transportation activities may result in the emission of greenhouse gases ("GHGs"). The paragraph purports to characterize unidentified BLM analyses, and PAW is without information sufficient to form a belief as to those allegations. PAW denies the remaining allegation of the paragraph because it is without sufficient information to form a belief as to those statements.

3.      PAW admits that the Biden administration has approved some applications for permit to drill ("APDs") and denies the remainder of the first sentence of this paragraph for lack of information. PAW denies the remaining allegations of this paragraph because it does not have information sufficient to form a belief as to those statements.

4.      This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

5.      PAW is without information sufficient to form a belief as to the allegations in the first two sentences of this paragraph. The last sentence of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

6.      PAW is without information sufficient to form a belief as to the allegations in the first sentence of this paragraph. The remaining allegations purport to characterize the Endangered Species Act ("ESA") and its implementing regulations, which speak for themselves and to which no response is required. To the extent a response is required, PAW denies the

allegations.

7.     This paragraph purports to characterize Plaintiffs' Notice of Intent to Sue and a scientific paper, which speak for themselves and to which no response is required. PAW lacks information sufficient to form a belief regarding the allegations in the first and sixth sentences of the paragraph, and therefore denies those allegations. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent a response is required, PAW denies the allegations.

8.     The first and sixth sentences of this paragraph purports to characterize the Federal Land Policy and Management Act ("FLPMA") and its implementing regulations which speak for themselves and to which no response is required. To the extent a response is required, PAW denies that this paragraph accurately and completely summarizes the Bureau of Land Management's ("BLM") obligations under FLPMA. The paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore no response is required. To the extent a response is required, PAW denies the allegations.

9.     This paragraph purports to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations which speak for themselves and to which no response is required. To the extent a response is required, PAW denies that this paragraph accurately and completely summarizes BLM's obligations under NEPA. The paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore no response is required. To the extent a response is required, PAW denies the allegations.

10.    This paragraph purports to characterize BLM's NEPA documents for the challenged APDs, which speak for themselves and to which no response is required. To the extent a response is required, PAW denies the allegations. The paragraph also represents a

characterization of Plaintiffs' allegations and legal conclusions, and therefore no response is required. To the extent a response is required, PAW denies the allegations. PAW denies the remaining allegations in this paragraph because it is without information sufficient to form a belief as to those statements.

11.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

## JURISDICTION AND VENUE

12.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, PAW denies the allegations.

13.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

14.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, PAW denies the allegations.

15.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

16.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

17.     PAW is without information sufficient to form a belief as to the allegations in this paragraph. In addition, this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

18.     This paragraph purports to characterize Plaintiffs' Notices of Intent to Sue for alleged violations of the ESA, which speak for themselves and to which no response is required. PAW is without information sufficient to form a belief as to the allegations in this paragraph. In addition, this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

19.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

## PARTIES

20.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiff Center for Biological Diversity, and therefore denies the same.

21.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiff WildEarth Guardians, and therefore denies the same.

22.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same.

23.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same.

24.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same. The last sentence represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response.

25.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same. Allegations in this paragraph also represent a characterization of Plaintiffs' legal conclusions and therefore requires no response.

26.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same.

27.     PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding Plaintiffs' unidentified members, and therefore denies the same. This paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response.

28.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

29.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW

denies the allegations.

30.     PAW admits that Defendant U.S. Department of the Interior ("Interior") is an executive department of the United States government. To the extent this paragraph purports to characterize Interior's responsibilities, the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies the allegations.

31.     PAW admits that Defendant Debra Haaland is the Secretary of Interior. To the extent this paragraph purports to characterize the Secretary's responsibilities, the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies the allegations.

32.     PAW admits that BLM is an agency within Interior. To the extent this paragraph purports to characterize the BLM's responsibilities, the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies the allegations.

33.     PAW admits that Defendant Tracy Stone-Manning is the Director of BLM and that BLM is an agency within Interior. To the extent this paragraph purports to characterize the Director's responsibilities, the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies the allegations.

## LEGAL AND POLICY BACKGROUND

### I.     National Environmental Policy Act

#### A.     General NEPA Framework and Greenhouse Gas Analysis

34.     This paragraph represents Plaintiffs' characterization of NEPA, which speaks for

itself and to which no response is required. PAW respectfully refers the Court to NEPA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the statutory and regulatory requirements applicable to oil and gas exploration, development, and production.

35.     This paragraph represents Plaintiffs' characterization of a statement by the Council on Environmental Quality ("CEQ"), which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the statutory and regulatory requirements applicable to oil and gas exploration, development, and production.

36.     This paragraph represents Plaintiffs' characterization of NEPA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to NEPA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required.

37.     This paragraph represents Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required.

38.     This paragraph represents Plaintiffs' characterization of NEPA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to NEPA for a complete and accurate statement of its contents. To the extent any response is required, PAW

denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required.

39.    This paragraph represents Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

40.    This paragraph represents Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required.

41.    This paragraph represents Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and its implementing regulations, and further denies any allegations to which a response is required.

42.     This paragraph and its footnotes represent Plaintiffs' characterization of NEPA and CEQ's 2016 guidance to agencies on GHGs across several administrations, documents which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and CEQ's 2016 guidance for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and the CEQ 2016 guidance, and further denies any allegations to which a response is required.

43.     This paragraph represents Plaintiffs' characterization of NEPA and CEQ's 2016 guidance to agencies on GHGs, documents which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and CEQ's guidance for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA and the CEQ guidance, and further denies any allegations to which a response is required.

**B.      Environmental Justice and Climate Justice Guidance and Policies**

44.     This paragraph represents Plaintiffs' characterization of Executive Order 12898, which speaks for itself and to which no response is required. PAW respectfully refers the Court to Executive Order 12898 for a complete and accurate statement of its contents.  To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes Executive Order 12898, and further denies any allegations to which a response is required.

45.     This paragraph and its supporting footnote represent Plaintiffs' characterization of materials on EPA's website, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the website for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and

completely summarizes the website, and further denies any allegations to which a response is required.

46.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations. PAW is without information sufficient to form a belief as to the allegations contained in this paragraph regarding unidentified court decisions.

47.     This paragraph represents Plaintiffs' characterization of CEQ guidance, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the guidance for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the CEQ guidance, and further denies any allegations to which a response is required.

48.     This paragraph represents Plaintiffs' characterization of CEQ guidance, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the guidance for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the CEQ guidance, and further denies any allegations to which a response is required.

49.     This paragraph represents Plaintiffs' characterization of CEQ guidance, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the guidance for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the CEQ guidance, and further denies any allegations to which a response is required.

50.     PAW admits that President Biden signed Executive Order 13990 ("EO 13990") on January 20, 2021. The remainder of this paragraph represents Plaintiffs' characterization of

EO 13990, which speaks for itself and to which no response is required. PAW respectfully refers the Court to EO 13990 for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the EO 13990, and further denies any allegations to which a response is required.

51.     PAW admits that President Biden signed Executive Order 14008 ("EO 14008") on January 27, 2021. The remainder of this paragraph represents Plaintiffs' characterization of EO 14008, which speaks for itself and to which no response is required. PAW respectfully refers the Court to EO 14008 for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the EO 14008, and further denies any allegations to which a response is required.

52.     This paragraph represents Plaintiffs' characterization of EO 14008, which speaks for itself and to which no response is required. PAW respectfully refers the Court to EO 14008 for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the EO 14008, and further denies any allegations to which a response is required.

## II.     The Endangered Species Act

53.     This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

54.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required.

PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

55.     This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

56.     This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

57.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

58.     This paragraph represents Plaintiffs' characterization of the ESA, its implementing regulations, and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA, its implementing

regulations, and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, its implementing regulations, and the court decision, and further denies any allegations to which a response is required.

59.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

60.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

61.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

62.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

63.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

64.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

65.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing

regulations, and further denies any allegations to which a response is required.

66.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

67.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

68.     This paragraph represents Plaintiffs' characterization of the ESA, its implementing regulations, and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA, its implementing regulations, and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, its implementing regulations, and the court decision, and further denies any allegations to which a response is required.

69.     This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of their contents. To the extent any response is required, PAW

denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

70.     This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

71.     This paragraph represents Plaintiffs' characterization of the ESA, its implementing regulations, and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA, its implementing regulations, and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, its implementing regulations, and the court decision, and further denies any allegations to which a response is required.

**III.     The Federal Land Policy and Management Act**

72.     This paragraph represents Plaintiffs' characterization of the United States' Constitution, FLPMA, and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the Constitution, FLPMA, and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the Constitution, FLPMA, and the court decision, and further denies any allegations to which a response is required.

73.     This paragraph represents Plaintiffs' characterization of FLPMA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the FLPMA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA and its implementing regulations, and further denies any allegations to which a response is required.

74.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

75.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

76.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

77.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA

for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

78.     This paragraph represents Plaintiffs' characterization of FLPMA and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to FLPMA and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes FLPMA and the court decision, and further denies any allegations to which a response is required.

79.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

## IV.     Administrative Procedure Act

80.     This paragraph represents Plaintiffs' characterization of the Administrative Procedure Act ("APA"), which speaks for itself and to which no response is required. PAW respectfully refers the Court to the APA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the APA, and further denies any allegations to which a response is required.

81.     This paragraph represents Plaintiffs' characterization of the APA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the APA for a complete and accurate statement of its contents. To the extent any response is required, PAW

denies that this paragraph accurately and completely characterizes the APA, and further denies any allegations to which a response is required.

82.     This paragraph represents Plaintiffs' characterization of the APA and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the APA and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the APA and the court decision, and further denies any allegations to which a response is required.

**V.     Federal Oil and Gas Planning and Management**

83.     PAW admits that BLM manages onshore oil and gas resources on public lands. To the extent that this paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

84.     This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the referenced regulations and handbook speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the referenced regulators or handbook, and further denies any allegations to which a response is required.

85.     This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW

denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

86.     This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development. PAW is otherwise without information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

87.     This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws, regulations, and memoranda speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development or the applicable laws, regulations, and memoranda, and further denies any allegations to which a response is required.

88.     This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws, regulations, and referenced handbook speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development or the applicable laws, regulations, and referenced handbook, and further denies any allegations to which a response is required.

89.     This paragraph represents Plaintiffs' characterization of a court decision, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the court decision, and

PAW further denies any allegations to which a response is required.

90.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

91.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

92.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws, regulations, and referenced court decision speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, or the applicable laws, regulations, and referenced court decision. PAW further denies any allegations to which a response is required.

93.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

94.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

95.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

96.    This paragraph represents Plaintiffs' characterization of BLM's process for managing oil and gas development, and the applicable laws and regulations speak for themselves, and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's process for managing oil and gas development, and further denies any allegations to which a response is required.

## FACTUAL BACKGROUND

### I.    The Challenged Oil and Gas Drilling Permits

97.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

98.    PAW admits that the Biden administration has approved some APDs. The last sentence of this paragraph represents Plaintiffs' characterization of Appendix A and Appendix B, which speak for themselves and to which no response is required. To the extent any response is

required, PAW denies that this paragraph accurately and completely characterizes Appendix A and Appendix B. PAW denies the remaining allegations of this paragraph because it does not have information sufficient to form a belief as to those statements.

99. This paragraph represents Plaintiffs' characterization of BLM's databases, which speak for themselves and therefore require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's databases. PAW is also without information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same.

100. PAW admits that BLM has approved APDs in Wyoming during the Biden Administration. PAW is without information sufficient to form a belief as to the remaining allegations in this paragraph and therefore denies the same.

101. This paragraph represents Plaintiffs' characterization of unidentified Environmental Assessments ("EAs"), which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the unidentified EAs. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

102. This paragraph represents Plaintiffs' characterization of unidentified NEPA documents, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the unidentified NEPA documents. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

103.     This paragraph represents Plaintiffs' characterization of unidentified administrative records supporting BLM's approval of the challenged APDs, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the unidentified documents in the administrative record. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

104.     This paragraph represents Plaintiffs' characterization of unidentified administrative records supporting BLM's approval of the challenged APDs, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the unidentified documents in the administrative record. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

## II.     The Inadequacies of BLM's APD Approval Process and NEPA Documentation

105.     This paragraph represents Plaintiffs' characterization of BLM's databases, which speak for themselves and therefore require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's databases. PAW is also without information sufficient to form a belief as to the allegations in this paragraph and therefore denies the same. The remainder of the paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

106.    This paragraph represents Plaintiffs' characterization of BLM regulations and regulatory framework for management of oil and gas resources, which speak for themselves and require no response. PAW respectfully refers the Court to BLM regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM regulations and regulatory framework for management of oil and gas resources, and PAW further denies any allegations to which a response is required.

107.    This paragraph represents Plaintiffs' characterization of BLM regulations and regulatory framework for management of oil and gas resources, which speak for themselves and require no response. PAW respectfully refers the Court to BLM regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM regulations and regulatory framework for management of oil and gas resources, and PAW further denies any allegations to which a response is required.

108.    This paragraph represents Plaintiffs' characterization of BLM's regulatory framework, databases, and website, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory framework, databases, or website, and PAW further denies any allegations to which a response is required.

109.    This paragraph represents Plaintiffs' characterization of BLM's regulatory framework, databases, and website, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory framework, databases, or website, and PAW further denies any

allegations to which a response is required.

110.    This paragraph represents Plaintiffs' characterization of BLM's regulatory framework, databases, and website, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory framework, databases, or website, and PAW further denies any allegations to which a response is required.

111.    This paragraph represents Plaintiffs' characterization of BLM's administration of NEPA documentation for the challenged APDs based on information obtained from public websites cited in the footnotes. The websites speak for themselves and no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the websites. PAW further denies Plaintiffs' characterization of BLM's administration of NEPA documents and any other allegations to which a response is required.

112.    This paragraph represents Plaintiffs' characterization of BLM's regulatory framework, databases, and website, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory framework, databases, or website, and PAW further denies any allegations to which a response is required.

113.    This paragraph represents Plaintiffs' characterization of BLM's regulatory framework, databases, and website, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory framework, databases, or website, and PAW further denies any allegations to which a response is required.

### III.   Greenhouse Gas Pollution and the Climate Crisis

114.   PAW is without information sufficient to form a belief as to the allegations in this paragraph concerning unidentified scientific opinions. The third, fourth, and fifth sentences of this paragraph represents Plaintiffs' characterization of the Fourth National Climate Assessment and an EPA report, which speak for themselves and require no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the climate assessment or the EPA report. PAW otherwise is without information sufficient to form a belief as to the allegations in the paragraph and therefore denies those allegations.

115.   PAW is without information sufficient to form a belief as to the allegations in this paragraph concerning methane that is based on unidentified information, unknown sources, and unidentified scientific opinions. The last sentence of this paragraph represents Plaintiffs' characterization of an academic study, which speaks for itself and requires no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the academic study, and further denies any allegations to which a response is required.

116.   PAW is without information sufficient to form a belief as to the allegations contained in this paragraph, and therefore denies the allegations. This paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

117.   This paragraph represents Plaintiffs' characterization of a 2018 report issued by the Intergovernmental Panel on Climate Change ("IPCC"), which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2018 IPCC report. To the extent any response is required, PAW denies that this paragraph accurately and completely

characterizes the 2018 IPCC report. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

118.    This paragraph represents Plaintiffs' characterization of a 2019 joint report between the IPCC and Intergovernmental Panel on Biodiversity and Ecosystem Services, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2019 joint report. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the 2019 joint report. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

119.    This paragraph represents Plaintiffs' characterization of a 2022 IPCC report, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2022 IPCC report. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the 2022 IPCC report. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

120.    This paragraph represents Plaintiffs' characterization of an IPCC report, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the IPCC report. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the IPCC report. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

121.    This paragraph represents Plaintiffs' characterization of BLM EAs for the challenged APDs, which speak for themselves and to which no response is required. PAW

respectfully refers the Court to the EAs. To the extent any response is required, PAW denies that

this paragraph accurately and completely characterizes the EAs. PAW otherwise lacks

information sufficient to form a belief regarding the remaining allegations of this paragraph, and

therefore denies those allegations.

        **A.**       **Federal Climate Policy and Initiatives**

      122.    This paragraph and accompanying footnote represent Plaintiffs' characterization

of Executive Order 13514, Executive Order 13693, and Executive Order 13834, which speak for

themselves, and thus no response is required. PAW respectfully refers the Court to Executive

Order 13514, Executive Order 13693, and Executive Order 13834 for a complete and accurate

statement of their contents. To the extent any response is required, PAW denies that this

paragraph accurately and completely characterizes Executive Order 13514, Executive Order

13693, and Executive Order 13834, and further denies any allegations to which a response is

required.

      123.    This paragraph represents Plaintiffs' characterization of EPA's 2009 findings

under the Clean Air Act, which speak for themselves, and thus no response is required. PAW

respectfully refers the Court to the 2009 findings for a complete and accurate statement of their

contents. To the extent any response is required, PAW denies that this paragraph accurately and

completely characterizes the 2009 findings, and further denies any allegations to which a

response is required.

      124.    This paragraph represents Plaintiffs' characterization of CEQ's 2016 GHG

Guidance, which speaks for itself and to which no response is required. PAW respectfully refers

the Court to the 2016 GHG Guidance for a complete and accurate statement of its contents. To

the extent any response is required, PAW denies that this paragraph accurately and completely

characterizes the 2016 GHG Guidance, and further denies any allegations to which a response is required.

125.    This paragraph represents Plaintiffs' characterization of CEQ's 2016 GHG Guidance, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2016 GHG Guidance for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the 2016 GHG Guidance, and further denies any allegations to which a response is required.

126.    This paragraph represents Plaintiffs' characterization of Executive Order 14008, which speaks for itself and to which no response is required. PAW respectfully refers the Court to Executive Order 14008 for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes Executive Order 14008, and further denies any allegations to which a response is required.

127.    This paragraph represents Plaintiffs' characterization of Secretarial Order 3399, which speaks for itself and to which no response is required. PAW respectfully refers the Court to Secretarial Order 3399 for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes Secretarial Order 3399, and further denies any allegations to which a response is required.

128.    This paragraph represents Plaintiffs' characterization of the 2020 BLM Specialist Report on Annual Greenhouse Gas Emissions and Climate Trends ("BLM Specialist Report"), which speaks for itself and to which no response is required. PAW respectfully refers the Court to the BLM Specialist Report for a complete and accurate statement of its contents. To the extent

any response is required, PAW denies that this paragraph accurately and completely characterizes the BLM Specialist Report, and further denies any allegations to which a response is required.

129.     This paragraph represents Plaintiffs' characterization of the BLM Specialist Report, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the BLM Specialist Report for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the BLM Specialist Report, and further denies any allegations to which a response is required.

130.     This paragraph represents Plaintiffs' characterization of a district court opinion, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the district court opinion for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the district court opinion. This paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

**B.     Greenhouse Gas Pollution from the BLM Fossil Fuel Program**

131.     PAW is without information sufficient to form a belief as to the allegations about BLM's management responsibilities. The remainder of this paragraph represents Plaintiffs' characterization of a 2014 report, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2014 report for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the 2014 report, and further denies any allegations to which a response

is required.

132.   This paragraph represents Plaintiffs' characterization of a 2018 U.S. Geological Survey ("USGS") report and unidentified EPA data, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the 2018 USGS report and the unidentified EPA data for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the 2018 USGS report or the unidentified EPA data, and further denies any allegations to which a response is required.

133.   PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning statistics about BLM-managed lands. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes statistics about BLM-managed lands. PAW further denies the allegations for lack of information sufficient to form a belief regarding the allegations.

134.   This paragraph represents Plaintiffs' characterization of BLM's regulatory regime for management of oil and gas resources, and therefore requires no response. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's regulatory regime. This paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

**C.     Greenhouse Gas Pollution from the Greater Carlsbad Region**

135.   PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

136.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

137.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

138.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

139.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

140.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

**D.    Greenhouse Gas Pollution from the Powder River Basin**

141.    PAW admits that the Powder River Basin is in Wyoming and Montana. PAW admits that Wyoming includes BLM's Buffalo and Casper Field Offices. This paragraph represents Plaintiffs' characterization of a 2018 USGS report, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the 2018 USGS report for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the 2018 USGS report, and further denies any other allegations in this paragraph not expressly admitted.

142.    PAW admits that oil and gas development in the Powder River Basin may, when necessary, utilize multi-stage hydraulic fracturing and horizontal drilling. The remainder of the paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations not expressly admitted.

## IV.    BLM's Failure to Comply with NEPA and Address Environmental Justice

143.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

144.    This paragraph represents Plaintiffs' characterization of Executive Order 12898, CEQ Guidance on Environmental Justice, and an EPA report on climate change, which speak for themselves, and thus no response is required. PAW respectfully refers the Court to Executive Order 12898, CEQ Guidance on Environmental Justice, and an EPA report on climate change for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes Executive Order 12898, CEQ Guidance on Environmental Justice, and an EPA report on climate change. PAW otherwise lacks information sufficient to form a belief regarding the remining allegations set for in this paragraph, and therefore denies those allegations.

145.    PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph concerning New Mexico. To the extent any response is required, PAW denies the allegations.

146.    The first sentence represents Plaintiffs' characterization of unidentified environmental analyses, which speak for themselves and to which no response is required. To the

extent a response is required, PAW denies that this paragraph accurately and completely characterizes these unidentified environmental analyses. The second sentence represents Plaintiffs' characterization of an unidentified 2021 EA, which speaks for itself and to which no response is required. To the extent a response is required, PAW denies that this paragraph accurately and completely characterizes the unidentified 2021 EA. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations in this paragraph and therefore denies those allegations.

147.    This paragraph represents Plaintiffs' characterization of BLM lease sale EAs, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the EAs. The remaining allegations in this paragraph represent a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

148.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

149.    PAW is without information sufficient to form a belief concerning Plaintiffs' allegations about greenhouse gas pollution and its potential impacts, the source of which is unidentified. To the extent any response is required, PAW denies the allegations in this paragraph for lack of information sufficient to form a belief.

150.    This paragraph represents Plaintiffs' characterization of an EPA report, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the EPA report. PAW is

without information sufficient to form a belief on remaining allegations in this paragraph concerning Plaintiffs' allegations on the distribution of climate change impacts, and therefore denies those allegations.

151.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

152.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

**IV.    BLM's Failure to Comply with the Endangered Species Act**

153.    PAW is without information sufficient to form a belief regarding the allegations set forth in this paragraph, and therefore denies those allegations. To the extent this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, no response is required. To the extent any response is required, PAW denies the allegations.

154.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations. PAW is also without information sufficient to form a belief as to the allegations regarding unidentified ESA consultations, and therefore denies those allegations. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, so no response is required. To the extent any response is required, PAW denies the allegations.

155.    PAW is without information sufficient to form a belief as to Plaintiffs' allegations on greenhouse gas pollution, and therefore denies the same. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and requires no response. To the extent any response is required, PAW denies the allegations.

156.    PAW is without information sufficient to form a belief as to Plaintiffs' allegations based on unidentified sources, and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

157.    PAW is without information sufficient to form a belief as to Plaintiffs' allegations based on unidentified sources, and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

158.    PAW is without information sufficient to form a belief as to Plaintiffs' allegations based on unidentified sources, and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

159.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

160.    This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and therefore no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA. PAW otherwise lacks information sufficient to form a belief regarding BLM's compliance with the ESA, and therefore denies those allegations. In addition, this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

161.     PAW admits that the polar bear was listed as a threatened species in 2008. PAW otherwise lacks information sufficient to form a belief regarding the remaining allegations set forth in the paragraph, and therefore denies those allegations.

162.     This paragraph represents Plaintiffs' characterization of a 2008 legal opinion document M-37017 ("M-37017"), which speaks for itself and to which no response is required. PAW respectfully refers the Court to M-37017. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes M-37017. PAW is without information sufficient to form a belief as to the federal government's reliance on M-37017, and therefore denies the allegation in the last sentence. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

163.     This paragraph represents Plaintiffs' characterization of a variety of climate studies, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the studies referenced. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the studies referenced, and further denies any allegations which require a response. PAW is without information sufficient to form a belief as to the allegations in the final sentence of this paragraph, and therefore denies the allegations.

164.     PAW is without information sufficient to form a belief about Plaintiffs' allegations concerning threats to ESA-listed species, the source of which is not identified, and therefore denies the allegations in the first sentence. The second and third sentences of this paragraph represent Plaintiffs' characterization of an ESA listing, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that the

sentences accurately and completely characterize the ESA listing. PAW is without information sufficient to form a belief as to the allegations in the final sentence, and therefore denies the allegations.

165.     PAW is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. This paragraph also represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

166.     This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

167.     PAW is without information sufficient to form a belief as to Plaintiffs' allegations in this paragraph concerning New Mexico and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

168.     PAW is without information sufficient to form a belief as to Plaintiffs' allegations in this paragraph concerning New Mexico and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

169.     PAW is without information sufficient to form a belief as to Plaintiffs' allegations in this paragraph concerning New Mexico and therefore, no response is required. To the extent any response is required, PAW denies the allegations.

170.     PAW is without information sufficient to form a belief as to the allegations regarding approval of APDs, and therefore denies the same. This paragraph also represents Plaintiffs' characterization of the U.S. Fish & Wildlife Service's ("USFWS") Miles City and Buffalo Field Office Buffalo Resource Management Plans ("RMPs") and the programmatic

biological opinion for the 2015 Buffalo RMP, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the Miles City RMP, Buffalo RMP, or the programmatic biological opinion. To the extent any response is required, PAW denies the allegations.

171.    This paragraph represents Plaintiffs' characterization of the programmatic biological opinion for the 2015 Buffalo RMP, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the programmatic biological opinion for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the programmatic biological opinion, and further denies any allegation to which a response is required.

172.    PAW is without sufficient information to form a belief as to the allegations in this paragraph. Further, this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

173.    PAW is without information sufficient to form a belief as to the allegations regarding approval of APDs, and therefore denies the same. This paragraph also represents Plaintiffs' characterization of the 2007 USFWS programmatic Biological Opinion for the Casper RMP, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the 2007 USFWS programmatic Biological Opinion for the Casper RMP. PAW otherwise lacks information sufficient to form a belief regarding the allegations set for in this paragraph, and therefore denies the same.

174.    This paragraph also represents Plaintiffs' characterization of the 2007 USFWS programmatic Biological Opinion for the Casper RMP, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely summarizes the programmatic biological opinion for the Casper RMP. PAW otherwise lacks information sufficient to form a belief regarding the allegations set for in this paragraph, and therefore denies the same.

175.    PAW is without sufficient information to form a belief as to the allegations in this paragraph. Further, this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

## V.    Failure to Comply with FLPMA

176.    This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

177.    This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA. The remainder of the paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

178.     This paragraph represents Plaintiffs' characterization of FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA. PAW is otherwise without information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

179.     This paragraph represents Plaintiffs' characterization of BLM's obligations under FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's obligations under the FLPMA. PAW is otherwise without information sufficient to form a belief regarding the remaining allegations of this paragraph, and therefore denies those allegations.

180.     This paragraph represents Plaintiffs' characterization of Interior's obligations under the FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes Interior's obligations under the FLPMA. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions, and therefore requires no response. To the extent any response is required, PAW denies the allegations.

181.     This paragraph represents Plaintiffs' characterization of the BLM Specialist Report, which speaks for itself and to which no response is required. PAW respectfully refers the

Court to the BLM Specialist Report for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the BLM Specialist Report. PAW otherwise is without information sufficient to form a belief regarding the remaining allegations set forth in this paragraph, and therefore denies the same. To the extent a response is required, PAW denies the allegations.

182.     This paragraph represents Plaintiffs' characterization of the National Climate Assessment, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the National Climate Assessment for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the National Climate Assessment. PAW otherwise is without information sufficient to form a belief regarding the remaining allegations set forth in this paragraph, and therefore denies the same. To the extent a response is required, PAW denies the allegations.

183.     This paragraph represents Plaintiffs' characterization of BLM's climate predictions based on an unidentified source, to which no response is required. PAW otherwise is without information sufficient to form a belief regarding the remaining allegations set forth in this paragraph, and therefore denies the same. To the extent a response is required, PAW denies the allegations.

184.     This paragraph represents Plaintiffs' characterization of quotations from unspecified sources, to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the uncited sources. PAW otherwise is without information sufficient to form a belief regarding the remaining allegations set forth in this paragraph, and therefore denies the same. To the extent a response is

required, PAW denies the allegations.

185.   This paragraph represents Plaintiffs' characterization of statistics from uncited sources, to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes these uncited statistics. PAW otherwise is without information sufficient to form a belief regarding the remaining allegations set forth in this paragraph, and therefore denies the same. To the extent a response is required, PAW denies the allegations.

186.   This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response.  To the extent any response is required, PAW denies the allegations.

**CLAIMS FOR RELIEF**

**<u>FIRST CLAIM FOR RELIEF</u>**
**Failure to Take a Hard Look at the Significance and Severity of Greenhouse Gas Pollution (Violation of NEPA)**

187.   PAW incorporates by reference its answers to paragraphs 1 through 186 as set forth above.

188.   This paragraph represents Plaintiffs' characterization of NEPA, its implementing regulations, and applicable caselaw, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA, its implementing regulations, and applicable caselaw for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the NEPA, its implementing regulations, or applicable caselaw, and further denies any allegations to which a response is required.

189.    This paragraph represents Plaintiffs' characterization of BLM's obligations under NEPA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to NEPA for a complete and accurate statement of its contents.  To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes BLM's obligations under NEPA, and further denies any allegations to which a response is required.

190.    This paragraph represents Plaintiffs' characterization of NEPA and a court decision, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and the court decision for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the NEPA or the court decision, and further denies any allegations to which a response is required.

191.    This paragraph represents Plaintiffs' characterization of NEPA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to NEPA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes NEPA, and further denies any allegations to which a response is required.

192.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

193.    Denied.

### SECOND CLAIM FOR RELIEF
**Failure to Take a Hard Look at Environmental Justice**
**(Violation of NEPA)**

194.    PAW incorporates by reference its answers in paragraphs 1 through 193.

195.   This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

196.   This paragraph represents Plaintiffs' characterization of NEPA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to NEPA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the NEPA and its implementing regulations, and further denies any allegations to which a response is required.

197.   This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. This paragraph further represents Plaintiffs' characterization of a court decision, which speaks for itself and to which no response is required. To the extent any response is required, PAW denies the allegations.

198.   Denied.

### THIRD CLAIM FOR RELIEF
**Failure to Consult on Climate-Impacted Species**
**(Violation of the ESA 7(a)(2))**

199.   PAW incorporates by reference its answers in paragraphs 1 through 198.

200.   This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

201.    This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

202.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

203.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

204.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

205.    Denied.

206.    PAW lacks information sufficient to form a belief as to Defendants reliance on the 2008 Bernhardt Legal Opinion, and therefore denies the allegations of the first sentence. This paragraph represents Plaintiffs' characterization of the ESA and implementing regulations, which speak for themselves and to which no response is required. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and

its implementing regulations. The remainder of this paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

## FOURTH CLAIM FOR RELIEF
### Failure to Reinitiate Consultation on Climate-Impacted Species
### (Violation of the ESA 7(a)(2))

207.    PAW incorporates by reference its answers to paragraphs 1 through 206.

208.    This paragraph represents Plaintiffs' characterization of the ESA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the ESA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA, and further denies any allegations to which a response is required.

209.    This paragraph represents Plaintiffs' characterization of the ESA and its implementing regulations, which speak for themselves and to which no response is required. PAW respectfully refers the Court to the ESA and its implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the ESA and its implementing regulations, and further denies any allegations to which a response is required.

210.    PAW lacks information sufficient to form a belief regarding the allegations in this paragraph and therefore denies those allegations.

211.    Denied.

## FIFTH CLAIM FOR RELIEF
### Failure to Prevent Unnecessary or Undue Degradation of Public Lands
### (Violation of FLPMA)

212.    PAW incorporates by reference its answers to paragraphs 1 through 211.

213.    This paragraph represents Plaintiffs' characterization of the FLPMA, which speaks for itself and to which no response is required. PAW respectfully refers the Court to the FLPMA for a complete and accurate statement of its contents. To the extent any response is required, PAW denies that this paragraph accurately and completely characterizes the FLPMA, and further denies any allegations to which a response is required.

214.    This paragraph represents Plaintiffs' characterization of BLM's views on environmental impacts, GHG emissions, and climate change associated with the APDs, without specifying the sources. PAW is without information sufficient to form a belief as to the allegations contained in this paragraph, and therefore denies the allegations. To the extent any response is required, PAW denies the allegations.

215.    This paragraph represents a characterization of Plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, PAW denies the allegations.

216.    Denied.

## RELIEF REQUESTED

PAW denies that Plaintiffs are entitled to any of the relief requested in the Complaint, including, but not limited to, the relief prayed for in Paragraphs A through H of the Relief Requested. PAW respectfully asks that the Court enter judgment against Plaintiffs and grant Defendants and Intervenor-Defendants, including PAW, such additional and further relief as the Court may deem just, proper, and necessary, including their costs and attorneys' fees as provided by law.

## PAW'S AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing.

2.    Plaintiffs failed to exhaust their administrative remedies.

3.      Plaintiffs' claims are barred by their failure to participate in administrative proceedings whose decisions they are challenging.

4.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5.      The United States District Court for the District of Columbia is not appropriate venue for reviewing the challenged APDs in Wyoming because a substantial part of the events giving rise to Plaintiffs' complaint occurred within the jurisdiction of the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(e)(1). Furthermore, all of the federal land subject to Plaintiffs' complaint with respect to the challenged Wyoming federal APDs are located within the United States District Court for the District of Wyoming.

6.      The United States District Court for the District of Columbia is not a convenient venue for reviewing the challenged Wyoming federal APDs and this case should be transferred to the United States District Court of the District of Wyoming pursuant to 28 U.S.C. § 1404.

7.      Plaintiffs have failed to state a claim upon which relief can be granted.

8.      This Court lacks jurisdiction over some or all of Plaintiffs' claims.

9.      PAW reserves the right to assert additional defenses and affirmative defenses that may be discovered after the filing of this Answer.


**WHEREFORE,** PAW prays this Court deny Plaintiffs' claims, dismiss the Complaint with prejudice, and award such other relief as this Court deems appropriate.

Dated: August 29, 2022

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By:    */s/ Eric Waeckerlin*
       Eric Waeckerlin, D.C. Bar No. 977228
       410 17th Street, Suite 2200
       Denver, CO 80202
       Telephone:  303.223.1100
       Fax:  303.223.1111
       Email:  ewaeckerlin@bhfs.com

       Affie Ellis, *pro hac vice*
       BROWNSTEIN HYATT FARBER SCHRECK, LLP
       1807 Capitol Avenue, Suite 203
       Cheyenne, WY 82001
       Telephone:  307.263.1327
       E-Mail:  aellis@bhfs.com

       *Attorneys for Proposed Intervenor-Defendant*
       *Petroleum Association of Wyoming*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of August, 2022, I caused a true and correct

copy of the foregoing **[PROPOSED] ANSWER OF DEFENDANT-INTERVENOR**

**PETROLEUM ASSOCIATION OF WYOMING** to be filed with the Court electronically and

served by the Court's CM/ECF system upon all counsel of record.


*/s/ Affie Ellis*
Affie Ellis, *pro hac vice*