## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>    *Defendants*,<br><br>    and<br><br>FRANKLIN MOUNTAIN ENERGY, LLC<br>    44 Cook Street, Suite 1000<br>    Denver, CO 80206<br><br>    *Proposed Defendant-Intervenor* | Case No. 1:22-cv-1716-TSC |

**FRANKLIN MOUNTAIN ENERGY, LLC's MOTION TO INTERVENE**

**INTRODUCTION**

In accordance with Fed. R. Civ. P. 24, Franklin Mountain Energy, LLC ("FME") respectfully moves to intervene in this case. As required by Local Civil Rule 7(m), counsel for FME have conferred with counsel for the other parties and proposed parties to this case. Counsel for the Plaintiffs represent that Plaintiffs take no position on FME's motion to intervene but reserve the right to file a response. Counsel for the Federal Defendants represent that the Federal Defendants take no position on FME's motion to intervene. Counsel for proposed Intervenors Oxy USA Inc., Oxy USA WTP LP, Anadarko E&P Onshore LLC, Petroleum Association of Wyoming, and New Mexico Oil and Gas Association represent that they take no position on FME's motion to intervene. Counsel for proposed Intervenors American Petroleum Institute, Anschutz Exploration Corporation, Chevron U.S.A. Inc., Peak Powder River Resources, LLC, and the State of Wyoming represent that they do not oppose FME's motion to intervene.

**BACKGROUND**

FME seeks to intervene in this litigation to protect FME's interests in its quarter billion-dollar investment in federal oil and gas leases in New Mexico's Permian Basin that are directly threatened by Plaintiffs' claims. FME is a Denver-based energy company that exclusively has oil operations in Lea County, New Mexico. FME Ex. 1, Overbey Decl. ¶ 2. Because of land ownership patterns in Lea County, many of FME's oil and gas leases cover minerals owned by the United States and were issued by the Bureau of Land Management ("BLM"). *Id.* ¶ 2.

Plaintiffs ask the Court to vacate at least 82 of FME's drilling permits that the BLM approved in 2021 and 2022 ("the Challenged Permits"). Overbey Decl. ¶ 3; Dkt. #1 at 61.[1] Additionally, Plaintiffs request injunctive relief to prevent the BLM from approving new drilling

---

[1] All references to page numbers in a pleading are to native pagination.

permits. *See id.* FME seeks to intervene to defend the Challenged Permits against vacatur and to defend its ability to obtain additional approvals of drilling permits from the BLM.

FME has invested hundreds of millions of dollars in developing the wells authorized by the Challenged Permits that are the subject of this litigation. Nearly all of the Challenged Permits will develop federal leases for which FME paid the BLM $160 million in bonus bids in 2018.[2] Overbey Decl. ¶ 7. FME has invested an additional $125 million to obtain the Challenged Permits and to drill and complete some of the wells authorized by the Challenged Permits. *Id.* ¶ 6. FME is currently accruing costs associated with developing producing oil and gas wells related to the Challenged Permits. *Id*.

FME's sole business relates to the production of oil and gas, almost exclusively, from wells drilled pursuant to the Challenged Permits. *See* Overbey Decl. ¶ 10. Remedies sought by Plaintiffs would preclude FME from conducting this business, resulting in a loss of hundreds of millions of dollars. *See id*. FME's business relies on its ability to drill and complete wells authorized by the Challenged Permits, to produce critically needed oil and gas from these wells, and to continue to otherwise operate. *Id*. FME has drilled or commenced drilling operations for more than half of the Challenged Permits—50 wells—and plans to develop the wells authorized by the remaining Challenged Permits. *Id.* ¶ 4. Further, FME has submitted to the BLM additional applications for drilling permits, but the BLM has not yet approved them. *Id.* ¶ 5.

---

[2] Federal oil and gas leases are sold at competitive auction. A bonus bid is the high bid a lessee pays to acquire a lease. *See* 30 U.S.C. § 226(b)(1)(A); 43 C.F.R. § 3100.0-5(k). The bonus bid is a one-time payment, *see id.*, but is not the only payment a lessee will make pursuant to a lease. For example, a lessee will pay annual rentals before production of oil and/ or natural gas occurs from a lease. 30 U.S.C. § 226(d); 43 C.F.R. § 3103.2-1(a). Additionally, the lessee must pay royalty on produced oil or natural gas removed or sold from the lease. 30 U.S.C. § 226(b)(1)(A); 43 C.F.R. § 3103.3-1.

FME depends on the Challenged Permits remaining in full force and effect, and the BLM's approval of new drilling permits, so that FME may continue to operate its business.

FME has particularly acute interests at stake in this litigation because FME does not operate oil and gas wells outside of Lea County, New Mexico. *See* Overbey Decl. ¶ 10. If the Court vacated the Challenged Permits or enjoined the BLM from issuing new permits, FME cannot divert resources to operations in another geographic areas or on non-federal lands to earn revenue. *Id.* Rather, FME's business depends solely on development of the Challenged Permits and future permits.

Because Plaintiffs' requested relief poses a direct and substantial risk to FME, FME now seeks to intervene to protect its significant interests in the Challenged Permits and the BLM's ability to continue to approve new drilling permits.

## ARGUMENT

**I.     FME Is Entitled to Intervention of Right under Rule 24(a).**

The U.S. Court of Appeals for the District of Columbia Circuit has identified four requirements that prospective intervenors must demonstrate to be entitled to intervention of right under Fed. R. Civ. P. 24(a):

> (1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests.

*Deutsche Bank Nat'l Trust Co. v. Fed. Deposit Ins. Corp.*, 717 F.3d 189, 192 (D.C. Cir. 2013). FME meets these four requirements.

### A.     FME's Motion to Intervene Is Timely.

FME's motion to intervene is timely. "[T]he requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair

detriment of the existing parties." *Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014). Courts examine whether a motion to intervene is timely by considering "all the circumstances" of the case, including the "time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) (quoting *United States v. British Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)).

FME's motion meets these requirements. First, eleven weeks have elapsed since Plaintiffs initiated this action—a reasonable amount of time given the circumstances of the case. *See Roane*, 741 F.3d at 151 (although the amount of time elapsed since filing is not "determinative," it is "relevant"). The Federal Defendants filed their Answer just nine days ago. The most recent of several pending Motions to Intervene was filed just fifteen days ago and the Court has not ruled on these motions. *See* Dkt. Nos. 8, 12, 17, 20, 27, 41. No briefing schedule has been set, and the Federal Defendants have not yet filed the administrative record. *See, e.g.*, *Navistar, Inc. v. Jackson*, 840 F. Supp. 2d 357, 361 (D.D.C. 2012) (approving intervention when motion was filed less than two weeks after defendants' responsive pleadings and before any "substantive process" had been made).

Second, FME seeks to intervene for the purpose of protecting its approved drilling permits from any adverse judgment and preserving its ability to secure additional permits in the future. "Courts are much more likely to find intervention timely when the purpose of doing so is more 'limited' or forward looking." *Campaign Legal Ctr. v. FEC*, No. 21-406 (TJK), 2022 U.S. Dist. LEXIS 100081, at *6 (D.D.C. June 6, 2022) (citing *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1294 (D.C. Cir. 1980)). FME does not seek to upset any proceedings that have

occurred to date, which in any event are still in their preliminary stages. Therefore, FME's purpose for intervening warrants intervention.

Third, FME's intervention is necessary to preserve its rights. Courts will grant intervention to avoid "the obvious injustice of having [a party's] claim erased or impaired by the court's adjudication without ever being heard." *American Tel. & Tel. Co.*, 642 F.2d at 1292. Given that the Plaintiffs seek to vacate the Challenged Permits and that such outcome could be materially detrimental to FME, FME's intervention is necessary to allow it to seek to protect the Challenged Permits from any adverse judgment.

Finally, the existing parties will not be prejudiced. This case is only just underway. The parties have not proposed, and the Court has not ordered, a briefing schedule. FME's intervention will not delay or disrupt the proceedings. For all of these reasons, FME's motion to intervene is timely.

**B.     FME's Property and Protectable Interests Are the Subject of this Litigation.**

FME is entitled to intervention because this case threatens FME's substantial property and economic interests in the Challenged Permits and FME's ability to obtain new drilling permits. The D.C. Circuit has recognized that "[a]n intervenor's interest is obvious when he asserts a claim to property that is the subject matter of the suit." *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981).

The remedies that Plaintiffs seek—vacatur of the Challenged Permits and an injunction barring the BLM from issuing new drilling permits—would directly and adversely impact FME's property and economic interests. The Challenged Permits, and any future drilling permits that BLM may approve, authorize FME to develop its federal oil and gas leases and adjacent mineral interests. *See* Overbey Decl. ¶¶ 2, 7-9. Vacatur of the permits would destroy the value of FME's property interests and would prevent FME from continuing to operate its business, directly

causing a loss of hundreds of millions of dollars directly related to its significant investments in its federal leases. *Id.* ¶ 10. A decision in this case that prevents FME from developing the Challenged Permits or future permits, and thus prevents FME from receiving revenue on production from wells drilled pursuant to such permits, would have a material impact on FME. *Id*. Therefore, FME has property and economic interests at issue in this litigation that entitle it to intervention.

      **C.     The Outcome of this Litigation May Impair and Impede FME's Ability to Protect Its Interests.**

The outcome of this lawsuit may impair and impede FME's ability to protect its interests. Courts evaluate this factor by examining the "practical consequences" of denying intervention. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003). Here, Plaintiffs request that the Court vacate the Challenged Permits and enjoin the BLM from approving future permits. If the Court granted this relief, FME could not develop its federal oil and gas leases. Overbey Decl. ¶¶ 7-9.

Courts in this District have recognized that loss of a permit and the resulting loss of revenue constitute impairment of a lessee's ability to protect its interests that justify intervention. *See, e.g.*, *Friends of the Earth v. Haaland*, No. 21-2317, 2021 U.S. Dist. LEXIS 237135, *7 (D.D.C. Dec. 11, 2021) (recognizing that an inability to acquire and develop additional oil and gas leases impairs "economic and regulatory interests"); *WildEarth Guardians v. Jewell*, No. 16-1724, 2016 U.S. Dist. LEXIS 198698, *7 (D.D.C. Nov. 23, 2016) (challenge to federal oil and gas leases impaired lessees' interests); *W. Org. of Res. Councils v. Jewell*, No. 14-1993, 2015 U.S. Dist. LEXIS 194028, *12 (D.D.C. July 15, 2015) (finding remedy that would prevent issuance of new federal coal leases to impair or impede commercial interests); *see generally Fund for Animals*, 322 F.3d at 735 (accepting assertion of lost revenue as interest impaired); *Red*

Lake Band of Chippewa Indians v. U.S. Army Corps of Eng'rs*, 338 F.R.D. 1, 6 (D.D.C. 2021) (finding risk of permittee incurring costs due to an adverse decision to be impairment of interest). Therefore, disposition of this lawsuit will impair FME's interests.

### D. The Existing Parties Do Not Adequately Represent FME's Interests.

Finally, the existing parties do not adequately represent FME's interests. The Supreme Court has held that a potential intervenor need only demonstrate that representation of its interest by existing parties to a case "may be" inadequate and, further, that the burden to establish this requirement is "minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Because none of the parties or proposed parties to this case represent FME's interests, FME meets this burden.

The D.C. Circuit has recognized that the Federal Defendants cannot represent FME's interests because FME is a private party. *See, e.g.*, *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 17 (D.D.C. 2010) ("[G]overnmental entities generally cannot represent the 'more narrow and parochial financial interest' of a private party….") (quoting *Fund for Animals*, 322 F.3d at 737). Furthermore, the existing movant-intervenors do not represent FME's interests. Only four movant-intervenors—Chevron U.S.A., Inc. ("Chevron"), Oxy USA Inc. et al. ("Oxy"), the American Petroleum Institute ("API"), and the New Mexico Oil and Gas Association ("NMOGA")—allege interests in permits that authorize development in New Mexico. *Compare* Dkt. #8 at pg. 1; Dkt. #17 at pg. 1; Dkt. 20 at pg. 2 (alleging interests in New Mexico); Dkt. #41 at pg. 1 *with* Dkt #12 at pgs. 1–2; Dkt. #27-1 at pgs. 1–2; Dkt. #32 at pg. 1 (alleging interests in Wyoming only). These movant-intervenors do not represent, and cannot advocate for, FME's unique interests, particularly as they relate to any appropriate remedy in the litigation. Chevron and Oxy are operators with distinct strategies, distinct economic models, and business interests

that are competitive to FME. Moreover, unlike Chevron and Oxy, FME operates exclusively in New Mexico's Permian Basin and therefore cannot divert resources to other assets if Plaintiffs succeed in this litigation. *See* Overbey Decl. ¶ 10. API and NMOGA reflect the collective views of their hundreds of member companies and, therefore, may not advocate for an outcome that prioritizes FME's unique business needs and economic interests. *See* Dkt. #20 at pg. 2 (600 member companies); Dkt. #37 at 1 (1,000 member companies). Further, FME is not a member of API. Overbey Decl. ¶ 11. Therefore, FME's interests are not represented in this litigation.

For these reasons, FME is entitled to intervention of right.

## II.     Alternatively, FME Should Be Permitted to Intervene under Rule 24(b).

Alternatively, FME should be granted permissive intervention as allowed by Fed. R. Civ. P. 24(b). Under this rule, the Court may allow intervention upon a showing of: "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action."[3] *Equal Empl. Opportunity Comm'n v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

FME has satisfied all three elements. First, FME has no reason to establish an independent ground for subject matter jurisdiction because FME will not assert any independent claims. *See EEOC*, 146 F.3d at 1046 (rationalizing the need for this element because "the typical movant asks the district court to adjudicate an additional claim on the merits"). Second, FME's motion is timely, for the reasons set forth in Part I.A, above. Finally, FME's defenses to this action share common questions of law and fact with Plaintiffs' claims. FME maintains that

---

[3] Courts also examine "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *EEOC*, 146 F.3d at 1045. Because this case is in its early stages, intervention will not delay the proceedings or prejudice any parties, as explained in Section I.A.

Plaintiffs cannot succeed in their request that the Court vacate the Challenged Permits and enjoin the BLM from issuing new drilling permits. FME's position shares common questions with Plaintiffs' claims about BLM's compliance with applicable laws and whether Plaintiffs have met the standards for their requested relief. Accordingly, FME has met the test for permissive intervention.

Recognizing that the Court has discretion as to whether to grant permissive intervention, *EEOC*, 146 F.3d at 1046, FME observes that courts have consistently allowed permittees of federal oil and gas leases to intervene in litigation challenging their permits, either through intervention of right or permissive intervention. *See, e.g.*, *Mandan, Hidatsa & Arikara Nation v. U.S. Dep't of the Interior*, No. 1:19-cv-0037, 2021 WL 8322489 (D.N.D. 2021); *S. Utah Wilderness Alliance v. U.S. Dep't of the Interior*, 250 F. Supp. 3d 1068 (D. Utah 2017); *Diné Citizens Against Ruining Our Env't v. Jewell*, No. No. CIV 15-0209 JB/SCY, 2015 U.S. Dist. LEXIS 109986 (D.N.M. Aug. 14, 2015); *Ouachita Watch League v. U.S. Forest Serv.*, Nos. 4:11CV00425 JM, 4:11CV00782 JM, 2014 U.S. Dist. LEXIS 187105 (E.D. Ark. Dec. 15, 2014); *Natural Res. Def. Council v. Kempthorne*, 525 F. Supp. 2d 115 (D.D.C. 2007). Courts' willingness to allow permittees to intervene reflects the significant property and economic interests at stake when these permits are challenged. If Plaintiffs succeed in having the Court vacate the Challenged Permits, FME will suffer direct, material harm. Overbey Decl. ¶ 10. For these reasons, FME should be permitted to intervene.

## III. FME Can Demonstrate Article III Standing.

The D.C. Circuit has held that prospective intervenors must demonstrate Article III standing by showing injury in fact, causation, and redressability. *Fund for Animals*, 322 F.3d at 732–33. The court also recognized that when a cause of action threatens cancellation of permits,

which will result in loss of an entity's investment and future revenue, the three elements of standing are met. *E.g., id.* at 733. Furthermore, the D.C. Circuit has held that the elements of this standard are met when a movant-intervenor meets the second factor of the test for intervention as of right. *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 320 (D.C. Cir. 2015) ("[T]he standards for constitutional standing and the second factor of the test for intervention as of right are the same . . . ."). Because FME meets these standards, as explained above, it has Article III standing and may intervene in this case.

## CONCLUSION

Plaintiffs' requests that the Court vacate the Challenged Permits and enjoin the BLM from approving new drilling permits directly impact FME's mineral property interests and threaten the viability of FME's entire business operations and the prospect of its significant investments in the Permian Basin. Because FME satisfies the requirements of intervention of right, it must be permitted to intervene. Alternatively, FME's significant interests at stake in this litigation warrant permissive intervention. Therefore, FME respectfully requests that the Court grant its motion to intervene.

DATED: August 31, 2022

Respectfully submitted,

CRISHAM & HOLMAN LLC

*/s/ John Crisham*
John Crisham, Bar No. 486491
2549 West Main Street, Suite 202
Littleton, Colorado 80120
Telephone: 720-739-2175
john@crishamholman.com

Kathleen C. Schroder
*pro hac vice motion filed concurrently*
Mark Champoux
*pro hac vice motion filed concurrently*
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth St., Suite 500
Denver, Colorado 80202
Telephone: 303-892-9400
katie.schroder@dgslaw.com
mark.champoux@dgslaw.com

*Attorneys for Proposed Defendant-Intervenor Franklin Mountain Energy, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2022, I caused a true and correct copy of the foregoing **FRANKLIN MOUNTAIN ENERGY, LLC'S MOTION TO INTERVENE** to be filed with the Court electronically and served by the Court's CM/ECF system upon all counsel of record.

*/s/ Deborah Werth*
Deborah Werth
