Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-7895 (phone)
(307) 777-3542 (fax)
travis.jordan@wyo.gov

*Attorneys for Proposed Intervenor-Defendant State of Wyoming*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-1716-TSC<br><br>**STATE OF WYOMING'S [PROPOSED] ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |

The State of Wyoming submits this proposed answer to Plaintiffs' amended complaint (ECF No. 57), and asserts the State's affirmative defenses as follows:

1. Wyoming admits the allegations in the following: the third sentence of Paragraph 8; Paragraph 35 through Paragraph 38; the first sentence of Paragraph 55; the third sentence of Paragraph 103; the first sentence of Paragraph 109; the first sentence of Paragraph 135; the first sentence of Paragraph 145; and Paragraph 146.

2. Wyoming denies the allegations in the following: Paragraph 4; the first and seventh sentence of Paragraph 7; Paragraph 12 through Paragraph 17; Paragraph 19; Paragraph 32 through 34; the second, third, and fourth sentences of Paragraph 109; Paragraph 138; the fourth and fifth sentences of Paragraph 151; the second sentence of Paragraph 152;

Paragraph 155; the second sentence of Paragraph 163; Paragraph 170; Paragraph 175; Paragraph 176; Paragraph 178; Paragraph 179; Paragraph 190; Paragraph 196; Paragraph 197; Paragraph 199 through Paragraph 202; Paragraph 208 through Paragraph 210; Paragraph 214; Paragraph 215, and Paragraph 220.

3. The allegations in the following purport to characterize the Plaintiffs' case or are conclusions of law: Paragraph 1; the third sentence of Paragraph 5; Paragraph 6; the first, second, sixth, seventh, and eight sentences of Paragraph 8; Paragraph 9 through Paragraph 11; Paragraph 39 through Paragraph 54; the second sentence of Paragraph 55; Paragraph 56 through Paragraph 102; the fourth sentence of Paragraph 103; Paragraph 105 through Paragraph 108; Paragraph 115; Paragraph 120; Paragraph 134; Paragraph 147; Paragraph 148; Paragraph 150; the second sentence of Paragraph 153; the first and second sentence of Paragraph 154; Paragraph 156 through Paragraph 158; the second sentence of Paragraph 159; Paragraph 164; Paragraph 166; Paragraph 169; the first sentence of Paragraph 174; the first sentence of Paragraph 177; Paragraph 180 through Paragraph 184; Paragraph 192 through Paragraph 195; Paragraph 204 through Paragraph 206; Paragraph 212; Paragraph 213; and Paragraph 217 through Paragraph 219. To the extent a response is required, Wyoming denies the allegations.

4. Wyoming is without knowledge or information sufficient to form a belief as to the truth of the allegations in the following: Paragraph 3; the second sentence of Paragraph 7; Paragraph 18; Paragraph 20 through Paragraph 31; the first and second sentence of Paragraph 103; Paragraph 104; Paragraph 111 through Paragraph 114; Paragraph 116; Paragraph 117; Paragraph 137; Paragraph 139; Paragraph 140; Paragraph 144; Paragraph 149; the third sentence of Paragraph 151; the first sentence of Paragraph 152; Paragraph

171 through Paragraph 173. To the extent a response is required, Wyoming denies the allegations.

5. The allegations in the following purport to characterize uncited or unverifiable literature and scientific conclusions: Paragraph 2; the first and second sentences of Paragraph 5; the third through sixth sentences of Paragraph 7; the fourth and fifth sentences of Paragraph 8; the first, second, and seventh sentences of Paragraph 118; the first, second, and third sentences of Paragraph 119; the second sentence of Paragraph 136; the third sentence of Paragraph 145; the first sentence of Paragraph 153; the fourth sentence of Paragraph 154; the first sentence of Paragraph 159; Paragraph 160 through Paragraph 162; the first sentence of Paragraph 163; Paragraph 165; Paragraph 168; Paragraph 186; Paragraph 187; and Paragraph 207. To the extent a response is required, Wyoming denies the allegations.

6. The allegations in the following purport to cite selective portions of scientific literature or agency documents, which when read in full, speaks for itself: Paragraph 110; the third, fourth, fifth, and sixth sentences of Paragraph 118; the fourth sentence of Paragraph 119; Paragraph 121 through Paragraph 133; the second sentence of Paragraph 135; the first sentence of Paragraph 136; Paragraph 141 through Paragraph 143; the second sentence of Paragraph 145; the first and second sentences of Paragraph 151; the third sentence of Paragraph 154; Paragraph 167; the second and third sentence of Paragraph 174; the second sentence of Paragraph 177; Paragraph 185; Paragraph 188; and Paragraph 189. To the extent that a response is required, Wyoming denies the allegations.

7. The allegations in Paragraphs 191, Paragraph 198, Paragraph 203, Paragraph 211, and Paragraph 216 incorporate by reference previously-stated allegations, therefore no

response is required. To the extent that a response is required, Wyoming denies the allegations.

8. Wyoming denies each and every allegation in the complaint which has not been specifically admitted herein.

9. Wyoming denies that Plaintiffs are entitled to the relief requested in Paragraphs A, B, C, D, E, F, G, and H.

## AFFIRMATIVE DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. The Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

3. This Court lacks jurisdiction to order the programmatic relief sought by Plaintiffs.

4. Plaintiffs lack standing as they have failed to allege an injury in fact that is traceable to the challenged actions and likely will be redressed by a favorable decision.

5. Some or all of Plaintiffs' claims may have been waived.

6. Plaintiffs failed to exhaust their administrative remedies or failed to participate in the challenged administrative proceedings.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

8. Plaintiffs may be estopped from asserting their claims.

9. Plaintiffs' claims are unripe for adjudication insofar as Plaintiffs challenge APDs that are unapproved.

10. Plaintiffs' claims are moot to the extent Plaintiffs challenge APDs that are expired, plugged, abandoned, or non-producing.

11. The United States District Court for the District of Columbia is not an appropriate venue for reviewing the challenged federal APDs in Wyoming because a substantial part of the

events giving rise to Plaintiffs' complaint occurred within the jurisdiction of the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1391(e)(1). Additionally, all of the federal lands subject to Plaintiffs' complaint with respect to the challenged Wyoming federal APDs are located within the United States District Court for the District of Wyoming.

12. The United States District Court for the District of Columbia is not a convenient venue for reviewing the challenged Wyoming federal APDs and it should be transferred to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1404.

13. Wyoming reserves the right to assert additional affirmative defenses that may be discovered after the filing of this Answer.

WHEREFORE, the State of Wyoming requests that Plaintiffs' complaint be dismissed with prejudice, that it be awarded its costs incurred herein, and for such other and further relief as this Court deems just and proper.

DATED this 26th day of September, 2022.

/s/ Travis Jordan
Travis Jordan, WSB No. 7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
(307) 777-7895 (phone)
travis.jordan@wyo.gov

*Counsel for Proposed Intervenor-Defendant State of Wyoming*

## CERTIFICATE OF SERVICE

      I certify that on this 26th day of September 2022, I electronically filed the foregoing with the Clerk of the U.S. District Court for the District of Columbia and served all parties using the CM/ECF system.

                                              */s/ Travis Jordan*
                                              Travis Jordan