**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.,* | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-1716-TSC |
| | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Federal Defendants United States Department of the Interior ("DOI"), United States Bureau of Land Management ("BLM"), Debra Haaland, in her official capacity as Secretary of the Interior, and Tracy Stone-Manning, in her official capacity as the Director of the BLM (collectively, "Federal Defendants"), respond as follows to Plaintiffs' Amended Complaint for Declaratory Judgment and Injunctive Relief, *see* ECF No. 57. The numbered paragraphs of Federal Defendants' Answer to Plaintiffs' Amended Complaint correspond to the numbered paragraphs of the Amended Complaint. Federal Defendants do not respond specifically to the section headings included in the Amended Complaint, but to the extent that those headings expressly or implicitly include substantive legal or factual allegations, Federal Defendants deny the allegations.

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case to which no response is required.

2. The allegations in the first sentence of Paragraph 2 are vague and ambiguous, and

therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second sentence of Paragraph 2 appear to purport to characterize a 2018 Scientific Investigations Report from the United States Geological Survey, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. The allegations in the third sentence of Paragraph 2 appear to purport to characterize the 2020 BLM Specialist Report on Annual Greenhouse Gas Emissions and Climate Trends ("BLM Specialist Report"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

3. Federal Defendants admit the allegations in the first sentence of Paragraph 3. The remaining allegations in Paragraph 3 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 3 also constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in the first and second sentences of Paragraph 5 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in the first sentence of Paragraph 6 that the challenged wells have

an effect on species listed under the Endangered Species Act ("ESA") that requires ESA Section 7 consultation is a legal conclusion that requires no response. To the extent a response is required, the allegations are denied. The allegations in the first sentence of Paragraph 6 that BLM has failed to consult on the alleged effects on ESA-listed species of greenhouse gas emissions ("GHG") from the challenged wells purports to characterize unidentified BLM decision documents that pertain to these wells and associated ESA Section 7 consultation documents. These documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. In addition, the allegations in the second sentence of Paragraph 6 constitute legal conclusions and purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

7. The allegations in the first and fourth sentences of Paragraph 7 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second and third sentences of Paragraph 7 purport to characterize a letter from Plaintiffs which speaks for itself and provides the best evidence of its contents. The allegations in the fifth sentence of Paragraph 7 purport to characterize an unidentified scientific paper, which speaks for itself and provides the best evidence of its contents. The allegations in the sixth sentence of Paragraph 7 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the sixth and seventh sentences of Paragraph 7 also constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations in the first sentence of Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second, fourth, and fifth sentences of Paragraph 8 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants admit the allegation in the third sentence of Paragraph 8 that the majority of land administered by BLM can be found in 12 western states, including the States of Alaska, Arizona, California, Colorado, Idaho, Montana, Nevada, New Mexico, Oregon, Utah, Washington, and Wyoming and deny any remaining allegations. The allegations in the sixth, seventh, and eighth sentences of Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations in the first, third, and fourth sentences of Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 9 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. To the extent the allegations in the second sentence of Paragraph 9 purport to characterize BLM's analysis and documentation of the challenged decisions, that analysis and documentation speaks for itself and is the best evidence of its content. Any allegations contrary to its plain meaning, language, and context are denied.

10. The allegations in the first sentence of Paragraph 10 constitute legal conclusions to which no response is required. To the extent an answer is required, the allegation is denied. The remaining allegations in Paragraph 10 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity

and deny them on that basis. In addition, the allegations in the third sentence of Paragraph 10 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied,

11. The allegations in Paragraph 11 constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, the allegations are denied.

12. The allegations in Paragraph 12 constitute legal conclusions to which no response is required.

13. The allegations in Paragraph 13 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in Paragraph 14 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In addition, Federal Defendants deny that they have violated or are violating any laws.

15. The allegations in Paragraph 15 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In addition, Federal Defendants deny that they have violated or are violating any laws.

16. The allegations in Paragraph 16 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

18. In response to the allegations in Paragraph 18, Federal Defendants aver that on February 8, 2022, they received a Notice of Intent to Sue from the Center for Biological Diversity dated February 2, 2022, and on April 13, 2022, they received an updated Notice to Sue dated March 28, 2022. These letters speak for themselves and provide the best evidence of their

contents. Any allegations contrary to their plain meaning, language, and context are denied. All other allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 constitute legal conclusions to which no response is required.

20. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and the allegations are therefore denied.

21. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and the allegations are therefore denied.

22. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and the allegations are therefore denied.

23. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and the allegations are therefore denied.

24. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and the allegations are therefore denied.

25. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and the allegations are therefore denied.

26. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 26. The allegations in the fourth, seventh, and eighth sentences of Paragraph 26 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the ninth sentence of Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, sixth, seventh, and eighth sentences of Paragraph 27. In response to the allegations in the fifth sentence of Paragraph 27, Federal Defendants admit that Carlsbad Caverns National Park is near Carlsbad New Mexico and located within the Permian Basin. The remaining allegations in the fifth sentence of Paragraph 27 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the ninth sentence of Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and the allegations are therefore denied.

29. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 29 and the allegations are therefore denied. The allegations in the fourth sentence of Paragraph 29 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the seventh sentence of Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

30. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fifth, seventh, eighth, and ninth sentences of Paragraph 30 and the allegations are therefore denied. The allegations in the fourth sentence of Paragraph 30 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

The allegations in the sixth sentence of Paragraph 30 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and the allegations are therefore denied.

32. The allegations in the first sentence of Paragraph 32 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 32 and the allegations are therefore denied. The allegations in the third sentence of Paragraph 32 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 32 also constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

33. The allegations in Paragraph 33 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

34. The allegations in Paragraph 34 constitute Plaintiffs' characterization of their case, hypothetical scenarios, and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

35. Federal Defendants admit that the U.S. Department of the Interior is an executive department of the United States government. The remaining allegations in Paragraph 35 constitute legal conclusions to which no response is required.

36. Federal Defendants admit that Debra Haaland is the Secretary of the Department

of the Interior. The remaining allegations in Paragraph 36 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required.

37. Federal Defendants admit that BLM is a federal government agency within the Department of the Interior. The remaining allegations in Paragraph 37 constitute legal conclusions to which no response is required.

38. Federal Defendants admit that Tracy Stone-Manning is the Director of BLM. The remaining allegations in Paragraph 38 constitute legal conclusions to which no response is required.

39. The allegations in Paragraph 39 purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

40. The allegations in Paragraph 40 purport to characterize the contents of the Federal Register which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

41. The allegations in Paragraph 41 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

42. The allegations in Paragraph 42 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

43. The allegations in Paragraph 43 constitute legal conclusions to which no response is required and purport to characterize NEPA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

44. The allegations in Paragraph 44 constitute legal conclusions to which no response is required and purport to characterize NEPA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required and purport to characterize a judicial decision and NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required and purport to characterize NEPA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

47. The allegations in Paragraph 47 purport to characterize the contents of the Federal Register which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. In response to the allegations of footnote 3, Federal Defendants admit that Executive Order 13783 directed the Council on

Environmental Quality ("CEQ") to rescind its 2016 GHG Guidance and that CEQ issued draft guidance in 2019 and rescinded that draft guidance in 2021. The remaining allegations in footnote 3 purport to characterize the contents of the Federal Register and a judicial decision which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

48. The allegations in Paragraph 48 purport to characterize the CEQ's 2016 GHG Guidance which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

49. The allegations in Paragraph 49 purport to characterize Executive Order 12898 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

50. The allegations in Paragraph 50 purport to characterize documents on the website of the Environmental Protection Agency ("EPA"), which documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

51. The allegations in Paragraph 51 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

52. The allegations in Paragraph 52 purport to characterize guidance documents from the CEQ, which documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

53. The allegations in Paragraph 53 purport to characterize guidance documents from the CEQ, which documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

54. The allegations in Paragraph 54 purport to characterize guidance documents from the CEQ, which documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

55. Federal Defendants admit the first sentence of Paragraph 55. The remaining allegations in Paragraph 55 purport to characterize Executive Order 13990, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

56. Federal Defendants admit President Biden issued Executive Order 14008 on January 27, 2021. The remaining allegations in Paragraph 56 purport to characterize the contents of Executive Order 14008 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

57. The allegations in Paragraph 57 purport to characterize the contents of Executive Order 14008 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

58. The allegations in Paragraph 58 constitute legal conclusions to which no response is required and purport to characterize the ESA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

59. The allegations in Paragraph 59 constitute legal conclusions to which no response is required and purport to characterize the ESA and the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

60. The allegations in Paragraph 60 constitute legal conclusions to which no response is required and purport to characterize the ESA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

61. The allegations in Paragraph 61 constitute legal conclusions to which no response is required and purport to characterize the ESA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

62. The allegations in Paragraph 62 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

63. The allegations in Paragraph 63 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

64. The allegations in Paragraph 64 constitute legal conclusions to which no response is required and purport to characterize the ESA and the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

65. The allegations in Paragraph 65 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations and a Federal Register notice which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

66. The allegations in Paragraph 66 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

67. The allegations in Paragraph 67 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

68. The allegations in Paragraph 68 constitute legal conclusions to which no response is required and purport to characterize the ESA and its implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

69. The allegations in Paragraph 69 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their

plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

70. The allegations in Paragraph 70 constitute legal conclusions to which no response is required and purport to characterize the ESA and the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

71. The allegations in Paragraph 71 constitute legal conclusions to which no response is required and purport to characterize the ESA and the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

72. The allegations in Paragraph 72 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

73. The allegations in Paragraph 73 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

74. The allegations in Paragraph 74 constitute legal conclusions to which no response

is required. To the extent a response is required, the allegations are denied.

75. The allegations in Paragraph 75 constitute legal conclusions to which no response is required and purport to characterize the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

76. The allegations in Paragraph 76 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, the ESA, and the ESA's implementing regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

77. Federal Defendants admit the allegations in the first sentence of Paragraph 77. The remaining allegations in Paragraph 77 constitute legal conclusions to which no response is required and purport to characterize the Federal Land Policy and Management Act ("FLPMA") and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

78. The allegations in Paragraph 78 constitute legal conclusions to which no response is required and purport to characterize FLPMA and federal regulations which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

79. The allegations in Paragraph 79 constitute legal conclusions to which no response

is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

80. The allegations in Paragraph 80 constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

81. The allegations in Paragraph 81 constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

82. The allegations in Paragraph 82 constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

83. The allegations in Paragraph 83 constitute legal conclusions to which no response is required and purport to characterize FLPMA and a judicial decision which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

84. The allegations in Paragraph 84 constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are

denied. To the extent a further response is required, the allegations are denied.

85. The allegations in Paragraph 85 constitute legal conclusions to which no response is required and purport to characterize the Administrative Procedure Act ("APA") which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

86. The allegations in Paragraph 86 constitute legal conclusions to which no response is required and purport to characterize the APA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

87. The allegations in Paragraph 87 constitute legal conclusions to which no response is required and purport to characterize a judicial decision which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

88. In response to the allegations in Paragraph 88, Federal Defendants admit that BLM manages oil and gas development in a multi-phase process, each subject to specific rules, policies, and procedures. The remaining allegations in Paragraph 88 that "[e]ach phase is distinct" and "serves distinct purposes" is vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

89. Federal Defendants admit the allegations in the first sentence of Paragraph 89 that BLM prepares resource management plans ("RMPs") in accordance with the cited regulations, its Land Use Planning Handbook, and other laws and policies, but deny the remaining

allegations. In response to the second sentence of Paragraph 89, Federal Defendants aver that RMPs provide standards and guidance for site-specific activities within a planning area. The remaining allegations in the second sentence appear to purport to characterize the BLM Land Use Planning Handbook which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

90. Federal Defendants admit the allegations in the first sentence of Paragraph 90 to the extent that RMPs make allocation decisions as to which lands may be available for leasing for mineral development within a planning area and under what conditions those lands may be leased and developed. The allegations in the second sentence of Paragraph 90 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

91. Federal Defendants admit the allegations in the first sentence of Paragraph 91 to the extent that that BLM may prepare Reasonably Foreseeable Development scenarios ("RFDs") in accord with its Planning for Fluid Minerals Handbook, and other policies and laws, which speak for themselves and provide the best evidence of their contents. Federal Defendants also admit that BLM may utilize RFDs in preparing RMPs. In response to the allegations in the second sentence of Paragraph 91, Federal Defendants aver that an RFD is a planning tool that analyzes known and potential future oil and gas resources within an area and which can be incorporated into NEPA documents. Federal Defendants deny the remaining allegations in Paragraph 91.

92. In response to the allegations of Paragraph 92, Federal Defendants admit that BLM may make eligible lands available for competitive lease and holds lease sales in accordance with the cited regulations as well as other laws, regulations, and policies. Federal Defendants

also admit that BLM state, district, and field offices are part of the team that conducts NEPA review, solicits public comments, and applies appropriate site-specific stipulations, among other functions. The remaining allegations in Paragraph 92 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

93. The allegations in Paragraph 93 purport to characterize a federal regulation and BLM's Competitive Leases Handbook, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

94. The allegations in Paragraph 94 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

95. The allegations in Paragraph 95 constitute legal conclusions to which no response is required and purport to characterize federal regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

96. The allegations in Paragraph 96 constitute legal conclusions to which no response is required and purport to characterize a federal regulation, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

97. The allegations in Paragraph 97 constitute legal conclusions to which no response is required and purport to characterize a federal regulation and a judicial decision, which speak

for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

98. In response to the allegations of Paragraph 98, Federal Defendants admit that a federal lessee must submit an application for permit to drill to BLM for approval prior to drilling. The remaining allegations in Paragraph 98 constitute legal conclusions to which no response is required and purport to characterize federal regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

99. The allegations in Paragraph 99 constitute legal conclusions to which no response is required and purport to characterize federal regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

100. The allegations in Paragraph 100 constitute legal conclusions to which no response is required and purport to characterize federal regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

101. The allegations in Paragraph 101 constitute legal conclusions to which no response is required and purport to characterize federal regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

102. The allegations in Paragraph 102 constitute Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, the allegations are denied.

103. In response to the allegations in the first, second, and third sentences of Paragraph 103, Federal Defendants aver that from January 21, 2021, through August 31, 2022, BLM approved approximately 3,212 Applications for Permit to Drill ("APDs") in New Mexico's Permian Basin, consisting of approximately 3,110 APDs in BLM's Carlsbad Field Office planning area and approximately 9 APDs in BLM's Roswell Field Office planning area, and approximately 921 APDs in Wyoming's Powder River Basin, consisting of approximately 524 APDs in BLM's Buffalo Field Office planning area and approximately 397 APDs in BLM's Casper Field Office planning area. All remaining allegations in the first, second, and third sentences are denied. The allegations in the fourth sentence and footnotes 6 and 7 of Paragraph 103 constitute Plaintiffs' characterization of their case to which no response is required.

104. Federal Defendants deny the allegations in Paragraph 104 and aver that from January 21, 2021, through August 31, 2022, BLM approved a total of approximately 5,876 APDs nationwide, of which approximately 4,040 APDs are located within the planning areas of BLM's Buffalo, Casper, Roswell, and Carlsbad Field Offices. Therefore, the approved APDs within the planning areas of BLM's Buffalo, Casper, Roswell, and Carlsbad Field Offices represent approximately 68.75 percent of the nationwide total within this time period.

105. The allegations in Paragraph 105 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

106. The allegations in Paragraph 106 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

107. Federal Defendants deny the allegations in Paragraph 107.

108. Federal Defendants deny the allegations in Paragraph 108.

109. In response to the allegations in the first sentence of Paragraph 109, Federal

Defendants admit that they use databases for proposing, analyzing, and approving APDs, including the AFMSS and ePlanning databases. The allegations in the second and third sentences are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants aver that BLM uses AFMSS to track oil and gas information on public and Indian land. AFMSS contains data concerning lease ownership, federal agreements the leases may be party to, well identification, and well location and history, including casing information, geologic formations, resource protection, production, and operator compliance. Federal Defendants further aver that BLM uses its ePlanning website to allow public review and comment of BLM planning and implementation projects. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' review in the fourth sentence of Paragraph 109 and the allegations are therefore denied.

110. The allegations in Paragraph 110 purport to characterize content on BLM's website, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

111. The allegations in Paragraph 111 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

112. Federal Defendants deny the allegations in the first sentence of Paragraph 112. The allegations in the remaining sentences of Paragraph 112 purport to characterize content on BLM's AFMSS database website, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. Federal Defendants aver that BLM provides on AFMSS the following information for at least 30

days consistent with 43 C.F.R. § 3162.3-1(g) and Onshore Order No. 1 III.E.2(b) before taking action on an APD: the company/operator name; the well name/number; the well location described to the nearest quarter-quarter section (40 acres), or similar land description in the case of lands described by metes and bounds, or maps showing the affected lands and the location of all tracts to be leased and of all leases already issued in the general area; and any proposed, substantial modifications to the lease terms. BLM also provides the same information in hardcopy form at the local BLM field office. Federal Defendants aver that the information is removed from the "30 Day Federal Public Posting interface" after 30 days and that the interface does not provide for the submission of public comments, as that is not its purpose.

113. The allegations in the first sentence of Paragraph 113 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants deny the allegations in the second sentence of Paragraph 113 and aver that specific APD information and NEPA documents are available for inspection upon request in the appropriate BLM field office or by request through the Freedom of Information Act. The allegations in the third and fourth sentences of Paragraph 113 purport to characterize content on BLM's ePlanning website, which allows online public review and comment of BLM planning and implementation projects and which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. Federal Defendants further aver that ePlanning is searchable by geographic location, project resource type, project year, and other specific fields.

114. The allegations in Paragraph 114 purport to characterize content on ePlanning, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to

its plain meaning, language, and context are denied. Federal Defendants further aver that the documents page on ePlanning may include draft and final NEPA documents and decision documents including, if a project is approved, Conditions of Approval.

115. Federal Defendants deny the allegations in the first sentence of Paragraph 115. The allegations in the second, third, fourth, fifth, and sixth sentences of Paragraph 115 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second, third, fourth, fifth, and sixth sentences and footnotes 13-17 of Paragraph 115 also reference documents which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain meaning, language, and context of the referenced documents are denied.

116. The allegations in the first sentence of Paragraph 116 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In response to the second sentence of Paragraph 116, Federal Defendants aver that the Approved APDs Report on AFMSS allows the public to search for approved APDs by the BLM administrative state (which may differ from the geographic state), field office, surface owner, operator, geographic state, county, township, range, and date range. Federal Defendants deny all remaining allegations in the second sentence.

117. The allegations in the first sentence of Paragraph 117 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in Paragraph 117 and the allegations are therefore denied.

118. The allegations in the first, second, and sixth sentences of Paragraph 118 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The third, fourth, and fifth sentences of Paragraph 118 purport to characterize the 2018 Fourth National Climate Assessment and EPA documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

119. In response to the allegations of the first sentence of Paragraph 119, Federal Defendants admit that methane is a greenhouse gas. The remaining allegations in the first sentence and the allegations of the second sentence of Paragraph 119 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. As to the third sentence, Federal Defendants admit that methane is emitted during the production and transportation of oil and natural gas. The remaining allegations in the third sentence of Paragraph 119 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the fourth sentence of Paragraph 119 purport to characterize a study which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

120. The allegations in Paragraph 120 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

121. In response to the allegations in the first sentence of Paragraph 121, Federal

Defendants admit that the Intergovernmental Panel on Climate Change ("IPCC") is a body within the United Nations and that it has been awarded a Nobel Prize. The remaining allegations in the first sentence of Paragraph 121 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second and third sentences of Paragraph 121 purport to characterize the IPCC 2018 special report on climate change, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

122. The allegations in Paragraph 122 purport to characterize documents by the IPCC and the Intergovernmental Panel on Biodiversity and Ecosystem Services, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

123. The allegations in Paragraph 123 purport to characterize a 2022 report by the IPCC, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

124. The allegations in Paragraph 124 purport to characterize the Sixth Assessment Report by the IPCC, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

125. The allegations in Paragraph 125 that "these findings have been affirmed by the federal government" are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in Paragraph 125 also purport to characterize the NEPA documents for the challenged APDs which speak for themselves and provide the best evidence of their

contents. Any allegations contrary to their plain meaning, language, and context are denied. Federal Defendants aver that greenhouse gas emissions contribute to climate change and that human activities are a source of greenhouse of gas emissions.

126. The allegations in the first sentence of Paragraph 126 purport to characterize Executive Order 13514, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. In response to the allegations in the second sentence of Paragraph 126, Federal Defendants admit that President Obama issued Executive Order 13693 in 2015. The remaining allegations in the second sentence of Paragraph 126 purport to characterize Executive Order 13693 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. Footnote 20 in Paragraph 126 purports to characterize Executive Order 13834 which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

127. The allegations in Paragraph 127 purport to characterize a Federal Register notice published by the Environmental Protection Agency, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

128. The allegations in the first sentence of Paragraph 128 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second sentence of Paragraph 128 purport to characterize Federal Register notices which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. The remainder of Paragraph 128 purports to characterize

CEQ's 2016 GHG guidance, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

129. The allegations of Paragraph 129 purport to characterize CEQ's 2016 GHG guidance, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

130. The allegations of Paragraph 130 purport to characterize Executive Order 14008, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

131. The allegations of Paragraph 131 purport to characterize Secretarial Order 3399, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

132. In response to the allegations of Paragraph 132, Federal Defendants admit that BLM released the 2020 BLM Specialist Report on Annual Greenhouse Gas Emissions and Climate Trends ("BLM Specialist Report") in October 2021. The remaining allegations of Paragraph 132 purport to characterize the BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

133. The allegations of Paragraph 133 purport to characterize the BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

134. The allegations in Paragraph 134 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning,

language, and context are denied.

135. In response to the first sentence of Paragraph 135, Federal Defendants admit that the BLM manages approximately 700 million acres of onshore mineral estate. The allegations of the second sentence of Paragraph 135 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In addition, the allegations of the second sentence of Paragraph 135 appear to purport to characterize a report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

136. The allegations of the first sentence of Paragraph 136 purport to characterize a 2018 report from the United States Geological Survey, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. The allegations of the second sentence of Paragraph 136 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

137. The allegations of the first sentence of Paragraph 137 appear to purport to characterize information in a Department of the Interior report, titled "Report on the Federal Oil and Gas Leasing Program" (November 2021), prepared pursuant to Executive Order 14008 and referencing statistics found on a Department of Interior website, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain meaning, language, and context of these sources are denied. The allegations of the second and third sentences of Paragraph 137 are Plaintiffs' characterizations, to which no response is required. To the extent a response is required, the allegations are denied.

138. The allegations in Paragraph 138 constitute legal conclusions to which no

response is required. To the extent a response is required the allegations are denied.

139. In response to the allegations in the first sentence of Paragraph 139, Federal Defendants admit that oil and gas development in southeast New Mexico largely occurs in the Permian Basin. The remaining allegations in the first sentence and the allegations in the second sentence of Paragraph 139 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

140. In response to the allegations of Paragraph 140, Federal Defendants aver that BLM's Pecos District is comprised of the Carlsbad Field Office and the Roswell Field Office, which oversee BLM functions in Eddy, Lea, Roosevelt, Quay, and Chaves Counties, New Mexico. The remainder of the allegations in Paragraph 140 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

141. The allegations of Paragraph 141 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations of Paragraph 141 also appear to purport to characterize an article in footnote 25, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

142. The allegations of Paragraph 142 purport to characterize a 2018 Scientific Investigations Report from the United States Geological Survey, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

143. In response to the first sentence of Paragraph 143, Federal Defendants admit that

the United States Geological Survey, an agency under the Department of Interior, published a 2018 report on undiscovered, technically recoverable continuous oil and gas resources for assessment units within the Wolfcamp Shale and Bone Spring Formations of the Delaware Basin. The allegations of the second sentence of Paragraph 143 purport to characterize a December 6, 2018 Department of the Interior Press Release, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

144. The allegations in the first sentence of Paragraph 144 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In response to the allegations of the second and third sentences of Paragraph 144, Federal Defendants aver that, between 2009 and 2020, BLM issued oil and gas leases covering approximately 554,972 acres of lands and minerals in New Mexico, and between 2016 and 2020, BLM issued oil and gas leases covering approximately 194,269 acres of lands and minerals in New Mexico. Federal Defendants deny the remaining allegations in the second and third sentences.

145. In response to the allegations in the first sentence of Paragraph 145, Federal Defendants admit that the Powder River Basin is located in Wyoming and Montana and that BLM's Buffalo and Casper Field Offices manage oil and gas development for the portion within Wyoming. Federal Defendants deny the remaining allegations in the first sentence of Paragraph 145. The remaining allegations of Paragraph 145 purport to characterize a 2018 Scientific Investigations Report from the United States Geological Survey, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

146. In response to the allegations of Paragraph 146, Federal Defendants admit that horizontal drilling and multi-stage hydraulic fracturing occurs within the Powder River Basin. The remaining allegations in Paragraph 146 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

147. The allegations of Paragraph 147 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants aver that minority and low income populations are often disproportionately affected by climate change.

148. In response to the allegations in the first sentence of Paragraph 148, Federal Defendants admit that there are environmental justice communities as defined by current policy within the Permian Basin and Wyoming. The allegations in the second sentence of Paragraph 148, purport to characterize an online report published by the EPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. The remaining allegations in Paragraph 148 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

149. The allegations of Paragraph 149 purport to characterize a 1997 CEQ guidance, NEPA documents for the challenged APDs, and census data which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

150. The allegations in Paragraph 150 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity

and deny them on that basis. In addition, the allegations of Paragraph 150 purport to characterize NEPA documents for the challenged APDs and leasing NEPA documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

151. The allegations in the first and fifth sentences of Paragraph 151 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations of Paragraph 151 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In addition, the remaining allegations of Paragraph 151 purport to characterize NEPA documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

152. The allegations of Paragraph 152 constitute legal conclusions to which no response is required and purport to characterize NEPA documents for the challenged APDs, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

153. The allegations of Paragraph 153 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

154. The allegations in the first, second, and fourth sentences of Paragraph 154 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the third sentence of Paragraph 155 purport to characterize an EPA document which speaks

for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. Federal Defendants aver that minority and low income populations are often disproportionately affected by climate change.

155. The allegations of Paragraph 155 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

156. The allegations of the first sentence of Paragraph 156 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations of the first sentence of Paragraph 156 also purport to characterize NEPA documents for the challenged APDs, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. The remaining allegations in Paragraph 156 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 156 also purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

157. The allegations of Paragraph 157 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

158. The allegations of Paragraph 158 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In addition, the allegations of Paragraph 158 purport to characterize unidentified ESA Section 7 consultation documents, which speak for themselves and provide the

best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

159. The allegations in Paragraph 159 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

160. The allegations of Paragraph 160 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

161. The allegations of Paragraph 161 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

162. The allegations of Paragraph 162 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

163. The allegations in Paragraph 163 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

164. The allegations in the first sentence of Paragraph 164 constitute legal conclusions to which no response is required and purport to characterize the ESA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied. The allegations in the second sentence of Paragraph 164 that the extraction of oil and gas resources from lands managed by BLM has an effect on listed species that requires ESA Section 7 consultation is a legal conclusion that requires no response. To the extent a response is

required, the allegations are denied. The allegations in the third sentence of Paragraph 164 purport to characterize unidentified BLM decision documents and associated documents for ESA Section 7 consultations by BLM, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

165. Federal Defendants admit the allegations in the first sentence of Paragraph 165. The allegations in the second sentence of Paragraph 165 appear to purport to characterize the ESA listing decision for the polar bear which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

166. In response to the allegations in the first sentence of Paragraph 166, Federal Defendants admit that Solicitor's Opinion M-37017 was issued in October 2008. The allegations in the second, third, and fourth sentences of Paragraph 166 purport to characterize a Department of Interior document, M-37017, Guidance on the Applicability of the Endangered Species Act's Consultation Requirements to Proposed Actions Involving the Emission of Greenhouse Gases, and a memorandum from the United States Geological Survey, which documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. The allegations in the fifth sentence of Paragraph 166 constitute legal conclusions to which no response is required and purport to characterize unidentified federal agency decisions which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

167. The allegations in the first sentence of Paragraph 167 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as

to their truth or falsity and deny them on that basis. In response to the allegations in the second sentence of Paragraph 167, Federal Defendants admit that the IPCC published its Fifth Assessment Report in 2014. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of Paragraph 167 and deny them on that basis. Federal Defendants admit the allegations of the third sentence of Paragraph 167. The allegations in the fourth sentence of Paragraph 167 purport to characterize ESA listing decisions, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

168. The allegations in the first sentence of Paragraph 168 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. The allegations in the second sentence of Paragraph 168 purport to characterize an ESA listing decision, while the allegations in the third and fourth sentences appear to characterize a study cited in Paragraph 7 of the Amended Complaint. These documents speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

169. The allegations in Paragraph 169 purport to characterize analyses in unidentified BLM decision documents and ESA biological opinions, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. The allegations in the first sentence of Paragraph 169 that BLM's fossil fuel program has impacts on ESA-listed species that requires ESA Section 7 consultation also constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

170. The allegations in Paragraph 170 constitute legal conclusions to which no

response is required. To the extent a response is required, the allegations are denied.

171. In response to the allegations in the first sentence of Paragraph 171, the allegations purport to characterize BLM APD approvals, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. Federal Defendants aver that BLM approved approximately 3,110 APDs in the Carlsbad Field Office planning area from January 21, 2021, through August 31, 2022. The remaining allegations in the first sentence of Paragraph 171 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In response to the allegations in the second and third sentences of Paragraph 171, Federal Defendants admit that the Carlsbad RMP was amended in 1997 and 2008, and that FWS prepared a biological opinion in 1997. The remaining allegations in the second, third, and fourth sentences of Paragraph 171, purport to characterize BLM planning documents and a biological opinion, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

172. The allegations of Paragraph 172 purport to characterize BLM planning documents and a biological opinion, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

173. The allegations of Paragraph 173 purport to characterize unidentified BLM decision documents for oil and gas activities and associated ESA Section 7 consultation documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

174. In response to the allegations in the first sentence of Paragraph 174, the allegations purport to characterize BLM APD approvals, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. Federal Defendants aver that BLM approved approximately 524 APDs in the Buffalo Field Office planning area from January 21, 2021, through August 31, 2022. The remaining allegations in the first sentence of Paragraph 174 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants admit the allegations in the second sentence of Paragraph 174. In response to the allegations in the third sentence of Paragraph 174, Federal Defendants admit that FWS prepared a biological opinion in 2015 for the 2015 Buffalo RMP. The remaining allegations in the third sentence of Paragraph 174 purport to characterize BLM planning documents and a biological opinion, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

175. The allegations of Paragraph 175 purport to characterize a biological opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

176. The allegations of Paragraph 176 purport to characterize unidentified BLM decision documents for oil and gas activities and associated ESA Section 7 consultation documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

177. In response to the allegations in the first sentence of Paragraph 177, the allegations purport to characterize BLM APD approvals, which speak for themselves and

provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. Federal Defendants further aver that BLM approved approximately 397 APDs in the Casper Field Office planning area from January 21, 2021, through August 31, 2022. The remaining allegations in the first sentence of Paragraph 177 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. In response to the allegations in the second sentence of Paragraph 177, Federal Defendants admit that FWS prepared a biological opinion for the Casper RMP in 2007. The remaining allegations in the second sentence of Paragraph 177 purport to characterize BLM planning documents and a biological opinion, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

178. The allegations of Paragraph 178 purport to characterize a biological opinion, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

179. The allegations of Paragraph 179 purport to characterize unidentified BLM decision documents for oil and gas activities and associated ESA Section 7 consultation documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

180. The allegations in Paragraph 180 are constitute legal conclusions to which no response is required and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

181. Federal Defendants admit FLPMA was passed in 1976. The remaining allegations

in Paragraph 181 constitute legal conclusions to which no response is required, are vague and ambiguous, and purport to characterize FLPMA which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

182. The allegations in Paragraph 182 constitute legal conclusions to which no response is required and are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity. To the extent a response is required, the allegations are denied.

183. The allegations in Paragraph 183 constitute legal conclusions to which no response is required and are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity. To the extent a response is required, the allegations are denied.

184. Federal Defendants admit the allegation in Paragraph 184 that the Department of the Interior has discretion in how it implements conservation-related duties. The remaining allegations in Paragraph 184 constitute legal conclusions to which no response is required and are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity. To the extent a response is required, the allegations are denied.

185. The allegations of Paragraph 185 purport to characterize the 2020 BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. Federal Defendants aver that greenhouse gas emissions contribute to climate change and that human activities are a source of greenhouse of gas emissions.

186. The allegations in Paragraph 186 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

187. The allegations of Paragraph 187 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

188. The allegations of Paragraph 188 purport to characterize the 2020 BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

189. The allegations of Paragraph 189 appear to purport to characterize the 2020 BLM Specialist Report, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

190. The allegations in Paragraph 190 constitute legal conclusions to which no response is required and are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity. To the extent a response is required, the allegations are denied.

191. Federal Defendants incorporate by reference their responses in the preceding paragraphs.

192. The allegations in Paragraph 192 constitute legal conclusions to which no response is required, and purport to characterize NEPA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

193. The allegations in Paragraph 193 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

194. The allegations in Paragraph 194 constitute legal conclusions to which no response is required and purport to characterize a judicial decision, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

195. The allegations in Paragraph 195 constitute legal conclusions to which no response is required, and purport to characterize NEPA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied.

196. The allegations in Paragraph 196 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

197. The allegations in Paragraph 197 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

198. Federal Defendants incorporate by reference their responses in the preceding paragraphs.

199. The allegations in Paragraph 199 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

200. The allegations in Paragraph 200 constitute legal conclusions to which no response is required, and purport to characterize NEPA and CEQ guidance, which speak for

themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied.

201. The allegations in Paragraph 201 constitute legal conclusions to which no response is required, and purport to characterize judicial decisions which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

202. The allegations in Paragraph 202 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

203. Federal Defendants incorporate by reference their responses in the preceding paragraphs.

204. The allegations in Paragraph 204 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

205. The allegations in Paragraph 205 purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

206. The allegations in Paragraph 206 constitute legal conclusions to which no response is required, and purport to characterize the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further

response is required, the allegations are denied.

207. The allegations in Paragraph 207 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

208. The allegations in Paragraph 208 constitute legal conclusions to which no response is required, and purport to characterize the ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. The allegations in Paragraph 208 also purport to characterize unidentified BLM decision documents for oil and gas activities and associated ESA Section 7 consultation documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

209. The allegations in Paragraph 209 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

210. The allegations in Paragraph 210 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

211. Federal Defendants incorporate by reference their responses in the preceding paragraphs.

212. The allegations in Paragraph 212 constitute legal conclusions to which no response is required, and purport to characterize ESA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

213. The allegations in Paragraph 213 constitute legal conclusions to which no response is required, and purport to characterize ESA, which speaks for itself and provides the

best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

214. The allegations in Paragraph 214 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis.

215. The allegations in Paragraph 215 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

216. Federal Defendants incorporate by reference their responses in the preceding paragraphs.

217. The allegations in Paragraph 217 constitute legal conclusions to which no response is required, and purport to characterize FLPMA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

218. The allegations in Paragraph 218 are vague and ambiguous, and therefore Federal Defendants lack knowledge and information sufficient to form a belief as to their truth or falsity and deny them on that basis. Federal Defendants aver that greenhouse gas emissions contribute to climate change and that human activities are a source of greenhouse of gas emissions.

219. The allegations in Paragraph 219 constitute legal conclusions to which no response is required, are vague and ambiguous, and purport to characterize the FLPMA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain meaning, language, and context are denied. To the extent a further response is required, the allegations are denied.

220. The allegations in Paragraph 220 constitute legal conclusions to which no

response is required. To the extent a response is required, the allegations are denied.

## RELIEF REQUESTED

The remainder of Plaintiffs' Amended Complaint constitutes Plaintiffs' request for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in Plaintiffs' Amended Complaint, whether express or implied, and including Plaintiffs' headings and footnotes, that are not specifically admitted, denied or qualified herein.

## DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

3. This Court lacks jurisdiction to order the programmatic relief sought by Plaintiffs.

4. Plaintiffs lack standing as they have failed to allege an injury in fact that is traceable to Federal Defendants' action and likely will be redressed by a favorable decision.

5. Some or all of Plaintiffs' claims may have been waived.

6. Plaintiffs' claims are barred by the statute of limitations.

7. Plaintiffs may be estopped from asserting their claims.

8. Plaintiffs' claims are barred to the extent they arose after Plaintiffs' Notice of Intent to Sue.

9. Plaintiffs' claims are unripe for adjudication insofar as Plaintiffs challenge APDs that are unapproved.

10. Plaintiffs' claims are moot to the extent Plaintiffs challenge APDs that are expired, plugged, abandoned, or non-producing.

WHEREFORE, Federal Defendants respectfully pray that this Court deny in all respects Plaintiffs' request for relief, dismiss Plaintiffs' Amended Complaint, enter judgment for Federal Defendants, and grant to Federal Defendants such other relief as may be appropriate.

Respectfully submitted this 26th day of September 2022.

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Michael K. Robertson*
Michael K. Robertson (DC Bar No. 1017183)
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Michael K. Robertson*
Michael K. Robertson (DC Bar No. 1017183)
Trial Attorney
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice